Lake, Ch. J.
This case calls for a construction of the act of the legislature “regulating the taking of appeals from the judgments of probate judges and justices of the peace,” approved, February 24th, 1875. It is contended, on the part of the plaintiff in error, that it violates the provision of the constitution, then in force, which declares that “no bill shall contain more than one subject, which shall be clearly expressed in the title; and no law shall be revived or amended, unless the new act contain the entire act revived, and the sections amended; and the section or sections so amended shall be repealed.” It is clear that if effect shall be given to the act in question, the appellant was in default in not causing the transcript, and undertaking, to be filed in the appellate court within *357 ten days from the rendition of the judgment .appealed from; and this being necessary to give the district court jurisdiction of the case, the appeal was rightly dismissed. But if, on the contrary, the act shall be declared unconstitutional, then the appeal was well taken, and it was error to dismiss it.
The act in question is as follows:
“Section 1. That upon appeal from the final judgment of the probate judge, or any justice of the peace, to the district court of the county where the judgment was rendered, as now provided by law, the appellant shall, at the time of talcing sueh appeal, file the transcript and undertaking, now required by law to be filed in cases of apipeal, in the appellate court; and the plaintiff shall, within twenty days thereafter, file the petition as required by law to be filed, in civil cases, in the court to which such appeal is taken; and the answer shall be filed and issue joined as in cases commenced in such appellate court.
“Sec. 2. All acts or parts of' a®ts inconsistent with this act are hereby repealed.
“Sec. 3. This act shall take effect and be in force from and after its passage.”
An analytical examination of the first section of this act will show that two objects were evidently aimed at in its enactment: first, to shorten the time within which the transcript must be filed, and the case docketed in the appellate court; and second, to fix the time for filing the petition, and making up the issue therein. As to the first object it is clearly enough expressed in the title of this act; but as to the second, it may well be doubted whether the title be broad enough to comprehend it.
We are decidedly of opinion that it is not, and that, in this particular, it is.repugnant to the first clause of the sentence of the constitution above quoted. The statute regulating the taking of such appeals, in force when this *358 act was passed, gave the appellant ten days from the rendition of the judgment within which to give the required undertaking in appeal. See. 1007, Ch. IX, Tit. 30, Gen. Stat. This was not changed by the act of 1875, now under consideration. And by the next section the appellant is required to procure a transcript of the proceedings before the justice, including the undertaking in appeal, and deliver the same to the clerk of the district court, on or before the second day of the term next following such appeal. Both of these requirements are jurisdictional, and a failure to observe either of them would prevent the appellate court from acquiring jurisdiction of the case, and work a forfeiture to the appellant of all rights growing out of his appeal. Now the act of 1875 does not purport to be a complete appeal law. It does not even provide how an appeal shall be taken. This is left as it was under the former law. Its language is, “that upon appeal from the final judgment of the probate judge, or any justice of the peace, * * * * as now provided by law, the appellant shall,” etc., thus clearly enough recognizing the necessity of an observance of the old law in respect to the giving of the undertaking therein provided, and the time also within which it must be done. All that it affects, in this particular, is to require the appellant to file the transcript, and also the undertaking itself, instead of a copy thereof as formerly, in the appellate court, at the time of talcing the appeal. In this respect, while it does not profess to amend any section of the appeal law then in force, it most clearly does so if it be a valid act. In effect it is as clearly amendatory of section 1008 of the old law, as if, in apt words employed in the title, or body of the act, it were expressly declared so to be. What by this section the appellant was given until the next succeeding term of the district court to do, under this act must be done within ten days from the rendition of the judgment, at the same time leaving the *359 section as to several other provisions which it contains, in full force.
That an act, complete in itself \ may so operate on prior acts as to materially change or modify them, without being within the mischief designed to be remedied by, or repugnant to this provision of the constitution, is doubtless true. People v. Mahany, 13 Mich., 481. Davis v. The State, 7 Md., 152. But where, as in the case before us, the act is not complete in itself, but in its effect is simply and clearly amendatory of a former statute, it falls directly within the constitutional inhibition, and is void. Nor will it make any difference, in this respect, whether the new statute by its title, or in the body of the act* assume to be amendatory or not; it is enough if it' clearly have that effect.
For these reasons we are very clearly of the opinion that the act in question is repugnant to the constitutional provision above quoted, and it must be held to be merely void. It follows that the judgment of the district court must be reversed, and the appeal ’re-instated.
Judgment accordingly.