BRUNER & NELIGH, PLAINTIFFS IN ERROR, v. DONA FOLK, DEFENDANT IN ERROR.

1. **Appeal from Probate Judge.** A party appealing from a judgment of a probate judge has ten days within which to give the undertaking in appeal; and until the second day of the term next thereafter to deliver the transcript to the clerk of the appellate court.

2. ———. The case of *Smails v. White*, 4 Neb., 353, cited with approval.

ERROR to the district court for Cuming county.

*Uriah Bruner*, for plaintiff in error.

LAKE, CH. J.

The only error complained of is in the order of the court below dismissing the appeal from the judgment of the probate judge.

It appears that the judgment from which the appeal was taken was rendered on the fourth day of October, 1875. The undertaking in appeal was filed and approved within eight days thereafter, and the transcript, in due form, was filed in the district court on the eighteenth day of October, some two weeks before the term next following the rendition of the judgment appealed from.

The order dismissing this appeal was doubtless based upon the act "regulating the taking of appeals from the judgments of probate judges and justices of the peace," approved February 24, 1875, which, in effect, limited the time for perfecting such appeals to ten days from their rendition. But that act having been declared to be unconstitutional (*Smails v. White*, 4 Neb., 353), and all the requisite steps to a valid appeal under the law as it stood at the time of its passage having been duly taken,

it follows that the motion to dismiss should have been overruled.

The judgment of the court below is, therefore, reversed, and the appeal reinstated.

JUDGMENT ACCORDINGLY.