THE other judges concur.

K. C. & O. R. Co. ET AL. v. LOUIS FREY.

[FILED NOVEMBER 19, 1890.]

1. **Statutes:** CONSTITUTIONALITY. A bill which has but one general object that is fairly expressed in the title thereof, is not objectionable on the ground that it contains two or more subjects.

2. ———: ———. The act approved March 3, 1881, giving a laborer and material-man a lien upon a railway for material furnished and labor performed on such railway does not contain more than one subject and is not in conflict with the constitution.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*Hazlett & Bates*, for plaintiffs in error, cited: Cooley, Const. Lim. [4th Ed.], 180–1; *Antonio v. Gould*, 34 Tex., 49; *State v. McCracken*, 42 Id., 383; *Smails v. White*, 4 Neb., 353; *B. & M. R. Co. v. Saunders Co.*, 9 Id., 510; *State v. Lancaster Co.*, 17 Id., 85; *State v. Hurds*, 19 Id., 323; Const., sec. 2, art. 3; *Newherter v. Price*, 11 Ind., 199; *State v. Young*, 47 Id., 150; *Jones v. Thompson*, 12 Bush

[Ky.], 394; *Rushing v. Sebree*, Id., 198; *State v. Kinsella*, 14 Minn., 395; *Boggs v. Washington Co.*, 10 Neb., 298; *White v. Lincoln*, 5 Id., 514; *Ex parte Thomason*, 16 Id., 238; *Ives v. Norris*, 13 Id., 252; *Tecumseh v. Phillips*, 5 Id., 305; *Jones v. Lancaster Co.*, 6 Id., 486.

*Maule & Sloan, contra*, cited: *B. & M. R. Co. v. Saunders Co.*, 16 Neb., 123; *White v. Lincoln*, 5 Id., 515; *People v. Mahaney*, 13 Mich., 494; *Santo v. State*, 2 Ia., 208; *Herold v. State*, 21 Neb., 50.

MAXWELL, J.

This action was brought in the district court of Fillmore county against the plaintiffs in error to foreclose three liens claimed against the road-bed, rolling stock, etc., of the railway for a balance due on a contract for the construction of said road through Fillmore county. The first cause of action was for a balance due the defendant in error on a subcontract for grading one mile of said road. The second cause was for work performed on said road by one William Felker, and the third for work performed thereon by one A. Parviance. These claims were assigned to the defendant in error before bringing the action.

On the trial of the cause judgment was rendered in favor of the defendant in error, and the railway company brings the cause into this court. The principal error relied upon is that the act approved March 3, 1881, making the railway companies liable for work performed and material furnished in the construction or repair of the road, is unconstitutional and void, because the bill contains more than one subject not embraced in the title.

In *White v. City of Lincoln*, 5 Neb., 515, this court held that where a bill has but one general object it will be sufficient if the subject is fairly expressed in the title.

The question is very fully considered in *People v. Mahaney*, 13 Mich., 494, and it was held, in effect, that where

the title expressed the general purpose of the bill it would be sufficient.

The object of the framers of the constitution was not to embarrass legislation by making laws unnecessarily restrictive in their scope and operation, and thus greatly multiply their number, but it was intended that a proposed measure should stand upon its own merits, and that the several members of the legislature should be apprised of the purpose of the act when called upon to support or oppose it; in other words, members were prohibited from joining two or more bills together in order that the friends of the several bills may combine and pass them. It was never designed to place the legislature in a straight jacket and prevent it from passing laws having but one object under an appropriate title. The act in this case was designed to secure persons aiding in the construction of a railway, by furnishing either labor or material, from being defrauded out of their just dues on a contract.

It is a well known fact that, prior to the taking effect of the act in question, subcontractors not unfrequently failed to pay their employes or persons who had furnished material, and the act in question was designed to remedy that evil. The railway companies to a great extent can protect themselves by withholding from the subcontractors the money due until the legitimate claims against such subcontractors for labor and materials have been paid.

The judgment of the court below is right and is

AFFIRMED.

THE other judges concur.