HENRY TRUMBLE ET AL. v. MARTHA TRUMBLE ET AL.

FILED JUNE 29, 1893.   No. 6120.

1. **Constitutional Law**: DESCENT: STATUTES: ACTS CONTAINING MORE THAN ONE SUBJECT. Chapter 57, Session Laws of 1889, providing for the descent of real property and the distribution of personal property of intestates, the disposition of homesteads of intestates, the barring of an insane wife's interest in the lands of her husband by deed of her guardian, and the abolition of the estates of dower and curtesy, is void, because it contains more than one subject.

2. ———: STATUTES: TITLE. It is also void because its object is not expressed in its title, and because it is in effect amendatory of other acts which it does not contain.

3. ———: ———: AMENDMENT. Under the title of an act to amend a certain other act no amendment can be enacted which is not germane to the subject of the original act.

4. ———: ———: WHEN PARTIAL INVALIDITY RENDERS WHOLE ACT VOID. When portions of an act are invalid because not within the title, the whole act must be declared void if it is apparent from an inspection of the act itself that the invalid portions formed an inducement to its passage.

ERROR from the district court of Lancaster county. Tried below before STRODE, J.

*Reese & Gilkeson,* for plaintiffs in error:

When an act is valid in part and invalid in part, and it appears that the invalid part was the inducement for the enactment of the valid part, the whole enactment must be treated as void. (Cooley, Constitutional Limitations, 147;

Trumble v. Trumble.

*State v. Lancaster County,* 6 Neb., 485; *Ex parte Thomason,* 16 Id., 238; *State v. Lancaster County,* 17 Id., 85.) The act contains more than one subject, and is invalid under the constitutional provision that no bill shall contain more than one subject. (Constitution Nebraska, art. 3, sec. 11; *White v. City of Lincoln,* 5 Neb., 505; *People v. Mahaney,* 13 Mich., 494.) Dower and estates derived by inheritance are each distinct subjects. (*Sutherland v. Sutherland,* 69 Ill., 481; *Rawson v. Rawson,* 52 Id., 69.) The act is broader than its title, and is therefore invalid under the constitutional provision that the subject of every bill shall be clearly expressed in its title. (Constitution Nebraska, art. 3, sec. 11; *State v. Lancaster County,* 6 Neb., 485; *Burlington & M. R. R. Co. v. Saunders County,* 9 Id., 511; *City of Tecumseh v. Phillips,* 5 Id., 305; *Miller v. Hurford,* 11 Id., 381; *State v. Pierce County,* 10 Id., 477; *State v. Lancaster County,* 17 Id., 87; *Touzalin v. Omaha,* 25 Id., 817; *Messenger v. State,* 25 Id., 676; Cooley, Constitutional Limitations, 147.) The act, both directly and by implication, amends several sections of the acts relating to wills, dower, curtesy, and married women, without repealing said sections and re-enacting them entire, and is therefore invalid under the constitutional provision "that no law shall be amended unless the new act contains the section or sections so amended, and the section or sections so amended shall be repealed." (Constitution Nebraska, art. 3, sec. 11; *People v. McCallum,* 1 Neb., 182; *Smails v. White,* 4 Id., 353; *Hale v. Christy,* 8 Id., 264; *Sovereign v. State,* 7 Id., 412; *State v. Corner,* 22 Id., 266; *Stricklett v. State,* 31 Id., 674).

*J. E. Philpott, contra.*

IRVINE, C.

Martha Trumble filed her petition in the county court of Lancaster county setting forth that she was the widow of

William Trumble, deceased, and that the other parties to this action were his children and grandchildren; that he died seized of certain real estate, one tract whereof was a homestead; that he left a will to the terms of which she never at any time consented, and praying that there might be set off to her one-third of all said real estate, and her homestead interest in the particular tract referred to. Upon the hearing of the case a decree was rendered in accordance with the prayer of the petition. An appeal was taken to the district court where a similar decree was rendered. To reverse this decree certain of the children bring these proceedings in error.

Under the pleadings and proof the decrees of the county and district courts were right if the act of the legislature approved March 29, 1889, Session Laws of 1889, chapter 57, is a valid legislative enactment. The plaintiffs in error urge that the act in question violates article 3, section 11, of the constitution, which provides that " No bill shall contain more than one subject and the same shall be clearly expressed in its title, and no law shall be amended unless the new act contains the section or sections so amended, and the section or sections so amended shall be repealed." They further contend that the act violates section 3 of the bill of rights, providing that "No person shall be deprived of life, liberty, or property without due process of law." The title of the act is as follows: "An act to amend section thirty (30) and one hundred and seventy-six (176) of chapter twenty-three (23) of the Compiled Statutes of the state of Nebraska of 1887, entitled 'Decedents,' and to repeal said original sections, and to repeal sections one (1), two (2), three (3), four (4), five (5), six (6), seven (7), eight (8), nine (9), ten (10), eleven (11), twelve (12), thirteen (13), fourteen (14), fifteen (15), sixteen (16), seventeen (17), eighteen (18), nineteen (19), twenty (20), twenty-one (21), twenty-two (22), twenty-three (23), twenty-four (24), twenty-five (25), twenty-six (26), twenty-seven (27), twenty-eight (28), twenty-nine (29)

of chapter twenty-three (23) of the Compiled Statutes of
Nebraska of 1887, and section seventeen (17) of chapter
thirty-six (36) of the Compiled Statutes of Nebraska of
1887, entitled 'Homesteads,' and all acts and parts of acts
in conflict herewith." The third section of the act repeals
the sections named in the title. Of these, sections 1 to 28
inclusive of chapter 23 provided for dower, the barring and
assignment thereof, and various details connected therewith;
section 29 provided for estates by curtesy; section 30 pro-
vided for the descent of real estate of intestates; section 176
provided for the distribution of personal property; while
section 17 of chapter 36 related to the succession of home-
steads, providing that on the death of the person from whose
property it was selected it should vest in the survivor for
life with remainder to the heirs of the decedent, subject to
his power of disposing of such remainder by will, and fur-
ther exempted such homestead from the payment of debts
contracted by the decedent. The first section of the act of
1889 provides that section 30 shall be "Amended to read as
follows." Then follows section 30, as amended, which in its
first portion enacts a new order of descent of real estate of
intestates. It then proceeds to provide an entirely new law
for the disposition of homesteads, containing among other
things provisions whereby the homestead shall be appraised
upon proceedings instituted by the county judge, and that
after deducting incumbrances, if the residue do not exceed
one thousand dollars, the homestead shall descend to the
widow subject to the incumbrances. If there be a residue
after deducting incumbrances and the one thousand dollars
it shall descend as provided in the act. The widow
may elect to retain the homestead by paying the shares de-
scending to other heirs, and if she do not so elect, the
property shall be sold in a peculiar manner provided by
the act, and the proceeds of the sale distributed. The sec-
tion then proceeds to declare that the widow's share cannot
be affected by any will of her husband unless she consent

thereto in writing within thirty days after his will has been left with the county judge for probate, and she advised of its contents by a certified copy served on her by personal service and her consent filed with the county judge. The section next provides that all provisions made in the act in regard to a widow of a deceased husband shall be applicable to the surviving husband of a deceased wife; then that the widow shall be entitled to her "distributive shares" of all lands whereof the husband was seized of an estate of inheritance at any time during the marriage, unless she join in a deed of conveyance or is otherwise lawfully barred. Next follows a provision that if the wife be insane she may be barred of her interest in her husband's real estate at any time during the life of the husband by deed of her guardian. The section concludes with a sentence abolishing the estates of dower and curtesy. Section 2 of the act amends section 176 of chapter 23, Compiled Statutes, by providing a new order of distribution of personal property.

Is this act within the inhibition of that clause of the constitution providing that no bill shall contain more than one subject? This question is in most cases surrounded with difficulty. As was said in *Kansas City & O. R. Co. v. Frey*, 30 Neb., 790, this clause of the constitution "was never designed to place the legislature in a straight jacket and prevent it from passing laws having but one object under an appropriate title." Provided the object of the law be single the whole law may be embraced in a single enactment, although it may require any number of details to accomplish the object. The purpose of the constitutional inhibition upon the other hand was to require each proposed measure to stand upon its own merits, and to apprise the members of the legislature of the purpose of the act when called upon to support or oppose it, and perhaps a still stronger purpose was to prohibit the joining of several measures in one act in order to combine the friends

of each measure and pass the bill as a whole, where probably a majority could not be procured in favor of any one of its different objects. (*Kansas City & O. R. Co. v. Frey, supra.*) Examining the act in the light of this purpose we think that it is within the constitutional inhibition. While all of its provisions are connected in some sense with one another, the connection is in some cases very remote. The descent of real property and the distribution of personalty of an intestate might perhaps well be provided for by a single statute under an appropriate title. The disposition of an intestate's homestead might, in the same way, be connected with the descent of his other realty. Perhaps even the subjects of dower and curtesy might fall within the same legislative object as the descent of lands. By a somewhat chain-like process it might be argued that provisions for barring dower during the lifetime of the husband might be embraced in any act relating to dower, and that in an act relating to barring dower the guardian of an insane wife might be authorized to convey such wife's inchoate estate of dower. But the affairs of mankind are so interwoven that by similar reasoning a single statute proceeding step by step might be made to embrace the whole body of the law. We cannot conceive how the descent of an intestate's land can, under the constitution, be properly coupled with provisions granting to the guardian of an insane wife the power to convey her prospective interest during her husband's lifetime, nor can we see how such a statute of descents and a law attaching new requisites to the validity of a will can be said to embrace a single legislative object. These subjects, while remotely related, are not necessarily interdependent, and cannot be said to combine into a single subject of legislation.

In *Smails v. White*, 4 Neb., 353, it is plainly intimated that the court considered a law fixing the time of taking appeals and also providing for the filing of pleadings in the appellate court as embracing two subjects. So in *State, ex*

*rel. Jones, v. Lancaster County,* 6 Neb., 474, an act providing for township organization was held void *in toto* because embracing in addition to that subject provisions for county government.   In *State v. Lancaster County,* 17 Neb., 85, a provision in an amendatory act repealing an act not connected with the subject of the amendment was declared void.   The whole matter was as closely connected as in the case at bar.

We are even more clearly convinced that the subject, or rather subjects, of the act are not clearly expressed in its title as the constitution requires.   So far as that portion of the title which designates the sections repealed is concerned it simply indicates the intention of the legislature to repeal the existing laws upon the subjects treated in those sections and not to enact new laws in their stead.   So far as the title designates sections amended it indicates merely an intention to amend the law relating to the descent of real estate, and the distribution of personal estate of intestates, those being the only subjects treated in the amended sections.

In *City of Tecumseh v. Phillips,* 5 Neb., 305, and in *White v. Lincoln,* 5 Neb., 505, an act was declared unconstitutional which by its title purported to amend the law incorporating cities of the second class and also to legalize certain taxes.   The offensive provision purported to legalize and confirm the expenditure of certain license moneys already collected.   This was held not to be within the title.

In *Burlington & M. R. R. Co. v. Saunders County,* 9 Neb., 507, this court held unconstitutional a provision in an act making it the duty of commissioners to levy taxes to pay certain bonds because the title to the act was "An act to amend an act to provide for the registration of precinct or township, and school district bonds."   The act amended contained nothing in regard to the payment of the bonds, and the provision on that subject in the amending act was declared void because not germane to the act amended, and so not within the title.

The following cases also establish the rule that under the title of "acts to amend" other acts no matter can be introduced by the amendment which is not germane to the original act : *Miller v. Hurford*, 11 Neb., 377 ; *State v. Pierce County*, 10 Id., 476. The act in question violates this rule by introducing provisions in the nature of substitutes for nearly every one of the repealed sections, under color of an amendment of section 30, which before the amendment related to but one of those subjects. Nor can the legislature in an act purporting to merely amend one law enact measures which in effect amend or repeal other laws not referred to in the title or in the act itself. To do so violates the constitutional provision that the amending act shall "contain " the section or sections amended. (*Smails v. White*, 4 Neb., 353 ; *Sovereign v. State*, 7 Id., 409 ; *State v. Lancaster County*, 17 Id., 85 ; *Touzalin v. Omaha*, 25 Id., 817 ; *Holmberg v. Hauck*, 16 Id., 337 ; *Foxworthy v. City of Hastings*, 23 Id., 772; *Stricklett v. State*, 31 Id., 674.) This act violates this rule by affecting the law in regard to wills, that regulating the powers and duties of guardians, and probably also the married woman's act.

The law being unconstitutional for the reasons above stated, the next question presented is whether it must be declared void altogether, or whether, by eliminating the objectionable provisions, it may be allowed to stand, in so far as it is single in its purpose and germane to its title. The rule upon this subject is stated in *State v. Lancaster County*, 6 Neb., 474, and in a case of the same title, 17 Neb., 85. In the latter case the court says, in an opinion by the present chief justice, that where the act itself includes two distinct subjects the whole act must be treated as void, from the manifest impossibility of choosing between the two; but that this rule applies only in those cases where it is impossible from an inspection of the act itself to determine which part is void and which valid. When this can be done the rule does not apply, unless it shall appear that the

invalid portion was designed as an inducement to pass the valid, so that the whole, taken together, will warrant the belief that the legislature would not have passed the valid part alone. . Applying this rule to the case at bar we cannot see how it is possible to sustain any portion of the act. Some of the subjects treated are so different in their nature that we cannot say which operated upon the minds of the legislators to induce the passage of the act. The nature of the provisions in regard to the descent of real property is such that the legislature would certainly not have approved them in the absence of an amendment of the laws relating to dower and curtesy. That portion of the act which provides for the distribution of personal property is manifestly framed with the view of supplementing the provisions in regard to descent and the disposition of homesteads.

We are fully conscious of the importance of the principle which forbids the courts to declare a statute unconstitutional where any substantial doubt exists; but we have no doubts in this case. The act is upon its face clearly violative of several constitutional provisions. To sustain it would be to invite their disregard in the future, if not to countenance the practice suggestively designated as "logrolling." In such a case the duty of the court to set aside an act is as clear as its duty generally to presume the validity of statutes, and no considerations based upon the importance of interests affected can discharge the courts from performing such duty. In this connection, however, it may be well to call attention to the fact that this is a direct proceeding to administer an open estate, and that we are not deciding that titles heretofore derived under decrees made in pursuance of the act in question can be disturbed by any collateral proceedings.

A learned and able argument was made upon the proposition that the act provided for a taking of property without due process of law, first, because of its provisions au-

thorizing the sale of homesteads without providing for notice to or a hearing of parties interested, and, secondly, because it undertook to abolish existing inchoate estates of dower and curtesy. The conclusions reached upon other aspects of the case render a decision of this question unnecessary.

The judgment of the district court is reversed and the case remanded with directions to proceed in accordance with the law as it existed prior to the passage of the act of 1889.

REVERSED AND REMANDED.

THE other commissioners concur.