STATE, EX REL. COUNTY OF DOUGLAS, APPELLEE, v. FELIX J. McSHANE, JR., SHERIFF, APPELLANT.

FILED JANUARY 31, 1913.　No. 17,653.

Statutes: CONSTITUTIONALITY. So much of chapter 53, laws 1907, as authorizes the county board of counties having more than

100,000 inhabitants to contract with the lowest and best bidder for feeding prisoners in the county jail is violative of the provisions of section 11, art. III of the constitution.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed and dismissed.*

*Arthur F. Mullen,* for appellant.

*James P. English, Albert S. Ritchie* and *Charles L. Fritscher, Jr., contra.*

BARNES, J.

The relator brought this action in the district court for Douglas county for a writ of mandamus to compel the respondent, as sheriff of that county, to allow the relator and the firm of Garnipee & Flannigan admission to the jail of Douglas county in order to furnish meals to the prisoners confined therein for and during the year 1912 under a contract entered into for that purpose between the county commissioners and said firm under the provisions of section 5, ch. 28, Comp. St. 1905, as amended by chapter 53, laws 1907. The respondent filed an answer to the alternative writ. The district court held that the answer stated no defense, the writ of mandamus was allowed as prayed, and the respondent has appealed.

The appellant assigns error in overruling and disregarding his answer, and awarding a writ of mandamus as prayed, and contends that so much of the amendatory act of 1907 as provides that "it shall be the duty of the board of county commissioners to advertise on or before December 1, 1907, and annually thereafter, for proposals for furnishing meals to prisoners in the county jail according to specifications set forth in said advertisement, and on or before the first day of January in each year to contract with the lowest and best bidder for feeding prisoners in the county jail," is unconstitutional and void: First. Because the amendatory act is violative of the provisions of section 11, art. III of the constitution, which says: "No bill shall contain more than one subject, and the same

shall be clearly expressed in its title." Second. The amendatory act is broader than its title. Third. The act, both directly and by implication, amends several sections of the general laws of the state relating to the powers and duties of the county board and the powers and duties of the sheriff without expressly repealing such sections and reenacting them. Fourth. That the act is local and special legislation, and is violative of section 15, art. III of the constitution, which provides: "The legislature shall not pass local or special laws, * * * where a general law can be made applicable, no special law shall be enacted."

On the first proposition it may be said that the act in question purports to amend section 5, ch. 28, Comp. St. 1905, entitled "Fees," and, in so far as it treats of that subject, it may be said to be germane to the section amended. It appears, however, that the act provides that for boarding prisoners the sheriff shall receive 50 cents per day, "provided that in counties having by the last preceding national or state census a population in excess of 100,000 the sheriff shall receive for boarding prisoners, including jail supplies, 39 cents per prisoner per day until January 1, 1908, and it shall be the duty of the board of county commissioners to advertise on or before December 1, 1907, and annually thereafter, for proposals for furnishing meals to prisoners in the county jail according to specifications set forth in said advertisement, and on or before the first day of January in each year to contract with the lowest and best bidder for feeding prisoners in the county jail; provided, further, that the sheriff shall, on the first Tuesday in January, April, July and October of each year, make a report to the board of county commissioners or supervisors under oath, showing the items of fees except mileage collected or earned, from whom, at what time and for what service, and the total amount of fees collected or earned by such officer since the last report, and also the amount collected or earned for the current year, and he shall then pay all fees earned to the county treasurer."

It must be said that section 5, ch. 28, Comp. St. 1905, dealt exclusively with the subject of sheriff's fees, and fixed the amount of fees he was to receive for official acts performed by him; that that part of the proposed amendment which is claimed to be unconstitutional does not deal with the subject of fees, but deals with matters entirely foreign to the subject matter of the original section, and refers specifically to the powers and duties of the county board. It attempts to take the control of feeding prisoners away from the sheriff and place it with the county board, which is a matter regulated by a distinct section of the statute. The subjects are not closely related, and are not germane to each other.

In *West Point W. P. & L. I. Co. v. State,* 49 Neb. 223, the court construed an amendatory act passed by the legislature of 1887 (laws 1887, ch. 107) by which it was attempted to include in the amendment a provision for the construction and maintenance of suitable fishways for the passage of fish over and around milldams. The title to the act amended was "an act to prohibit the catching of game fish in certain seasons," and the court held that so much of the act as related to the construction and maintenance of fishways was foreign to the subject of the title of the original and amendatory acts, and was therefore void. In *Trumble v. Trumble,* 37 Neb. 340, it was held that the attempted amendments of the legislature to the decedent law of Nebraska providing a new method for the disposition of homesteads, and containing, among other things, a provision whereby homesteads should be appraised upon proceedings instituted by the county judge, were invalid and unconstitutional. In the opinion in that case the authorities are collected and discussed, and among them are *Smails v. White,* 4 Neb. 353, *State v. Lancaster County,* 6 Neb. 474, *State v. Lancaster County,* 17 Neb. 85, *Touzalin v. City of Omaha,* 25 Neb. 817, *Stricklett v. State,* 31 Neb. 674, and many other cases, which clearly support the respondent's contention.

It is contended by the relator, however, that section 5,

ch. 28, Comp. St. 1905, was a part of the Revised Statutes of 1866, and the limitations prescribed in section 11, art. III of the constitution of 1875, do not apply to any laws that were passed prior to its adoption. It was decided, however, in *Armstrong v. Mayer*, 60 Neb. 423, that the legislature, when amending a section of a statute, must comply with the provisions of our present constitution, regardless of the time when the statute was enacted. *Preston v. Stover*, 70 Neb. 632; *Knight v. Lancaster County*, 74 Neb. 82. It may be fairly said that the part of the section above quoted was not within the title to either the original or amendatory acts, and was not germane to the subject of either of those acts. We are therefore of opinion that so much of the amendatory act as refers to the powers and duties of the board of county commissioners is unconstitutional and void. Having reached this conclusion, the other points urged by respondent will not be considered.

A careful reading of the amendatory act satisfies us that, after eliminating the unconstitutional portion of it, the remainder of the act is complete in itself, and capable of enforcement. It has been repeatedly held that, if the unconstitutional and constitutional provisions of an act can be separated and leave the remainder of it capable of enforcement, the unconstitutional provisions will be stricken out, and the constitutional provisions will be preserved. *Scott v. Flowers*, 61 Neb. 620; *Trumble v. Trumble, supra; Stricklett v. State, supra; State v. Stuht,* 52 Neb. 209.

From the foregoing, it follows that the contract upon which the relator bases its right to the writ of mandamus was not authorized by law, and the district court erred in overruling and disregarding the respondent's answer and awarding the writ as prayed. The judgment of the district court is therefore reversed, and the action is dismissed.

REVERSED AND DISMISSED.