FELIX J. MCSHANE, JR., SHERIFF, APPELLANT, V. STATE OF NEBRASKA, APPELLEE.

FILED JANUARY 31, 1913. No. 17,844.

Sheriffs: COMPENSATION. The question decided in this case is identical with the one determined in *State v. McShane, ante,* p. 46.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Reversed.*

*Arthur F. Mullen,* for appellant.

*Grant G. Martin, Attorney General,* and *George W. Ayres, contra.*

BARNES, J.

This is an appeal from a judgment of the district court sustaining the action of the auditor of public accounts in disallowing a portion of a claim presented by plaintiff to the auditor of public accounts for allowance against the state.

It appears that plaintiff, as the sheriff of Douglas county, presented the claim in question to the auditor on or about the 1st day of September, 1912. There was contained in that claim the following item: "Board of prisoners from date of conviction, August 27, 1912, to August 30, 1912, 4 days, at 50c a day, $2." All of the other items of the claim were allowed except the one specifically described, which was allowed at only 19 cents a day. From the allowance of the claim and the disallowance of a

part of the item above set forth, the plaintiff appealed to the district court for Lancaster county. Plaintiff filed a petition in the usual form. To this petition the state filed a general demurrer, which was sustained, and judgment was rendered against the plaintiff dismissing the action, and for costs. From that judgment the plaintiff has prosecuted this appeal.

The record contains a stipulation that the question presented for determination in this case is identical with the one recently decided by this court in *State v. McShane, ante,* p. 46, and the two cases have been consolidated and argued as one. In disposing of this question, it is sufficient to say that in that case it was held that the provision contained in chapter 53, laws 1907, by which the legislature attempted to authorize the county commissioners in counties having more than 100,000 inhabitants to let contracts for feeding prisoners in the county jail to the lowest and best bidder, is unconstitutional and void. It follows, therefore, that the plaintiff was not bound by the terms of the contract between the county board of Douglas county and Garnipee & Flannigan, which was upheld by the district court; and, plaintiff having furnished the meals in question to a state's prisoner, which fact was admitted by the demurrer, he was clearly entitled to the compensation mentioned in that part of chapter 53 remaining in force, by which it is declared that the sheriff shall receive the sum of 50 cents a day for furnishing meals to such a prisoner.

We are therefore of opinion that the court erred in sustaining the demurrer to plaintiff's petition, and in dismissing his action. The judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.