MICHAEL L. ENDRES, APPELLEE, v. HENRY S. McDONALD
ET AL., APPELLANTS.

FILED JULY 20, 1927.   No. 25078.

Statutes: AMENDMENT: CONSTITUTIONALITY. Chapter 86, Laws
    1925, while it purports by its title to amend only section 3006,
    Comp St. 1922, attempts to amend another section of the stat-
    ute without referring to it either in the title or in the act. For
    this reason, the act is broader than its title and is void, because
    it violates section 14, art. III of the Constitution.

APPEAL from the district court for Douglas county:
WILLIAM G. HASTINGS, JUDGE. *Affirmed.*

*W. W. Slabaugh* and *Henry J. Beal,* for appellants.

*Arthur F. Mullen, John P. Breen* and *Herman Aye,*
*contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, and
EBERLY, JJ., ELDRED and L. S. HASTINGS, District Judges.

GOOD, J.

This action was brought by the plaintiff, a taxpayer and
sheriff of Douglas county, against the defendants, as coun-
ty commissioners of said county, to enjoin them from en-
forcing the provisions of chapter 86, Laws 1925, upon the
ground that said act violates sections 14 and 18, art. III of
the Constitution. George S. Collins, a taxpayer of said
county, filed a petition in intervention and joined in the
prayer of plaintiff's petition. Defendants filed a general de-
murrer to the petitions of the plaintiff and intervener. The
demurrer was overruled and, defendants refusing to further
plead, judgment was entered for plaintiff, enjoining the
enforcement of said chapter 86. The defendants have
appealed.

The defendants allege error of the trial court in over-
ruling their demurrer; in decreeing that chapter 86, Laws
1925, was void, and in enjoining the enforcement of said
chapter.

Prior to the 1925 session of the legislature, there existed

two distinct statutory provisions relating to fees or charges of sheriffs for boarding prisoners in county jails. Section 2381, Comp. St. 1922, under the chapter relating to fees of county officers, provides the schedule of fees or charges to which the sheriff is entitled for performing the several duties enjoined upon him by law. That part of said section relating to the charges for boarding prisoners is as follows: "For boarding prisoners, seventy-five cents per day in all counties where there is an average of less than one hundred prisoners per day, and fifty cents per day where there is an average of more than one hundred prisoners per day." Section 3006, Comp. St. 1922, in the chapter on jails also relates to the charges for boarding prisoners, and is in the following language:

"The sheriffs or jailers of the several counties, who have the custody of the state or other prisoners confined in the jails of such counties, shall receive for boarding such prisoners the sum of seventy cents per day; and such sheriffs or jailers are hereby authorized to provide such fuel, lights, washing and clothing as may be necessary for the comfort of such prisoners while in their custody; and such sheriffs or jailers shall, on the first day of January, April, July and October of each year, make a report in writing to the state auditor of the number of state prisoners in his custody for the last three months before making his report, when committed, and for what time, and the amount due him for boarding such prisoners; the amount of clothing furnished each prisoner and the cost of the same; also the amount expended by him for washing, lights, and fuel, for that quarter; which account shall be sworn to by the sheriff or jailer before the clerk of the county of which he is sheriff or jailer, and certified to under his seal. Thereupon the state auditor shall draw his warrant upon the state treasurer for the amount due such officer, payable to him; and when the condition of the jails in this state requires a constant guard to be kept, to prevent the escape of prisoners confined therein, the sheriff shall be allowed the sum of three dollars per day for guarding or procuring

Endres v. McDonald.

guard for such prisoners, which shall be paid him quarterly, with the amount paid him for board, washing, fuel, lights, and clothing."

Plaintiff in his petition alleges that for many years, throughout the entire state, as well as in Douglas county, officers charged with the duty of interpreting, applying and enforcing the provisions of said sections of the statute have construed and applied them so as to give force and effect to section 3006 as fixing only the amount or price to be paid sheriffs by the state for keeping or boarding state prisoners; that the amount to be paid to sheriffs by the counties for keeping all other classes of prisoners was controlled and fixed by section 2381, Comp. St. 1922, and that all sheriffs of the state have, for many years, been paid for boarding prisoners, other than state prisoners, the amount or price provided by section 2381, or the amount fixed by the section of which section 2381 is an amendment. The demurrer admits the truth of these allegations. Aside from that, the question of sheriff's fees for boarding prisoners, other than state prisoners, has been frequently before this court, and the numerous decisions of this court show conclusively that section 2381, Comp. St. 1922, or the sections of which it is an amendment, have been applied and construed as determining the rate of pay that sheriffs should receive for boarding and caring for prisoners, other than state prisoners.

In 1925 the legislature enacted chapter 86, Laws 1925, under the following title: "A bill for an act to amend section 3006, Compiled Statutes of Nebraska for 1922, relating to jails; providing for the care of prisoners in counties having a population exceeding one hundred twenty-five thousand (125,000); providing that fees for the care of prisoners in such counties shall inure to the county, shall be paid to the county treasurer and shall be credited to the general fund; and to repeal said original section." The act substantially reenacted section 3006, Comp. St. 1922, as it existed, and then added thereto the following: "Provided, further, that in counties having a population exceed-

ing one hundred twenty-five thousand (125, 000) the county board shall provide proper quarters and adequate equipment for the preparation and serving of all meals furnished to all prisoners confined in the county jail. The county sheriff shall have full charge and control of said quarters and service. All supplies of every name and nature entering into the furnishing of meals, washing, fuel, lights, and clothing to the prisoners as above provided for shall be purchased and provided under the direction of the county board by a person other than the county sheriff, or any of his deputies, as may be designated by the county board. Payment for all said purchases shall be made by the county board on the original invoices only; and then only on the sworn affidavit of the person designated to make said purchases attached to each and every separate invoice of goods and supplies, setting forth, under oath, that the invoice correctly describes the goods as to quality and quantity; that the same have been received and are in the custody of the affiant; that the same have been or will be devoted exclusively to the purposes authorized in this section and that the price charged is just and reasonable."

Plaintiff contends that chapter 86, Laws 1925, cannot have any effect or operate to change, modify or nullify the provisions of section 2381, Comp. St. 1922, for the reason that the act, by its title, recitation and substance, is a strictly amendatory act and attempts only to amend section 3006, Comp. St. 1922. Defendants contend that the matter of boarding and caring for prisoners and the charges therefor properly belong in the chapter on jails, and not in the chapter on fees of county officers; that the act is complete on the subject of which it treats, and therefore, by implication, repeals section 2381, and entirely supersedes said section.

It appears that in the Revised Statutes of 1866, chapter 19, entitled "Fees" (referring to all county officers), section 5 thereof provided a fee of 75 cents a day for boarding prisoners. This section was amended in 1871, again in 1875, and in 1877. It thus stood from 1877 to 1907 without any change. In the last named year an attempt was made

to again amend the section in a radical manner, but the attempted amendment was declared void.  See *State v. Mc-Shane,* 93 Neb. 46, and *McShane v. Douglas County,* 95 Neb. 699, on rehearing, 96 Neb. 664.  The section ·was again amended in 1915 and in 1921, and since that date has remained unchanged.  As early as 1866, the chapter of the statutes relating to jails contained one section relating to the boarding of prisoners.  This section was amended in 1869. Again, in 1873, an attempt was made to amend this section of the statute.  The words "or other" were inserted immediately after the words "state prisoners," apparently so as to make it apply to all prisoners.  This attempted amendment was declared ineffectual by this court in *Lancaster County v. Hoagland,* 8 Neb. 36, and thus the statute was left as it existed in 1869, which related only to the boarding of state prisoners.  In 1911 commissioners were appointed to "bring together all statutes and parts of statutes relating to the same subject-matter, omitting obsolete or repealed matter and such as has been declared to be invalid, * * * supply apparent omissions, reconcile contradictions and nòte imperfections in general."  Laws 1911, ch. 166, sec. 2. This commission for revision of the statutes interpolated into the opening clause of this section the words "or other" between the words "state" and "prisoners."  Whether this statute ever became operative by reason of the adoption by the legislature of the report of the commission, it is unnecessary to determine.  It is apparent that the section did not provide by whom the boarding of and expense of keeping prisoners, other than state prisoners, should be paid, and it is evident that that section, which, as amended, is now section 3006, Comp. St. 1922, was intended only to apply to the boarding of state prisoners, and that to determine the rate of pay that the sheriff should receive for boarding prisoners, other than state prisoners, reference must necessarily be had to section 2381, Comp St. 1922.

Section 14, art. III of the Constitution, provides, *inter alia*:  "No bill shall contain more than one subject, and the same shall be clearly expressed in the title.  And no law

shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed."

"Under the provisions of section 11 (now section 14), art. III of the Constitution, the title to an act must fairly express the subject of the legislation. * * * An act not complete in itself, but which is clearly amendatory in its nature and scope, must set forth the section or sections as amended, and repeal the original section or sections." *State v. Tibbets,* 52 Neb. 228. In *Trumble v. Trumble,* 37 Neb. 340, chapter 57, Laws 1889, was held unconstitutional and void because its object was not expressed in its title, and because it was, in effect, amendatory of other acts which the title did not contain. In the opinion in the last cited case, on page 347, it was said: "Nor can the legislature in an act purporting to merely amend one law enact measures which in effect amend or repeal other laws not referred to in the title or in the act itself. To do so violates the constitutional provision that the amending act shall 'contain' the section or sections so amended." To the same effect are *State v. Majors,* 85 Neb. 375, and *Minier v. Burt County,* 95 Neb. 473.

It seems plain that chapter 86, Laws 1925, which purports only to amend section 3006, Comp. St. 1922, clearly violates the provision of the Constitution above quoted unless, as contended by defendants, the amendatory act is complete in itself. Section 3006, as attempted to be amended in 1925, does not pretend to fix the rate of pay that the sheriff shall receive in counties having less than, 125,000 population, so that it is not, in itself, a complete act relating to the boarding of prisoners. Section 2381, Comp. St. 1922, must be looked to, to find the rate of pay that the sheriffs shall receive for boarding prisoners in counties having less than 125,000 population. Section 2381, is not, therefore, repealed. It still remains in full force and effect. It seems very plain that the attempted amendment to section 3006, while it attempts to amend section 2381, does not, by its title or otherwise, refer to that section and

falls within the condemnation of the constitutional provision above quoted. Chapter 86, Laws 1925, is therefore, unconstitutional and void.

The judgment of the district court, in enjoining the enforcement of this void statute, is right and is

AFFIRMED.