SUSAN A. MCCLELLAND V. BENJAMIN F. SCROGGIN.

FILED APRIL 21, 1896. No. 6505.

1. **Continuance:** ABSENT WITNESSES: AFFIDAVIT. A motion and the affidavit filed in support thereof which did not show that if a continuance was granted the evidence of the absent witness or his personal attendance could or would be obtained, *held* insufficient.

2. **Negligence:** ORDINARY CARE. The care which may be termed ordinary is such a degree of care as a prudent and reasonable man would exercise under the existing circumstances and conditions. Where the known risks are enhanced the degree of care should correspondingly increase.

3. **Steam-Threshers:** FIRES: NEGLIGENCE: EVIDENCE. The facts and circumstances in evidence in this case with reference to the management and operation of the engine of a steam-thresher, more particularly in respect to the manner of dumping or throwing ashes and cinders and live coals therefrom in the stack-yard near to the straw and stacks of grain, and the condition in which such ashes, cinders, and coals were there left, *held* to present questions of negligence which should have been submitted to the jury.

ERROR from the district court of Nuckolls county. Tried below before HASTINGS, J.

*Cole & Brown* and *S. W. Christy*, for plaintiff in error.

*Searle & Coleman*, contra.

HARRISON, J.

During the fall of 1891 the defendant in error was operating what is generally designated a "steam-thresher," and with it threshed grain for the plaintiff

in error, in such quantity that the bill for services amounted to $103. This the plaintiff in error did not pay and this suit was instituted for its recovery. Plaintiff in error, in her pleading, admitted the account both as to its origin and amount, but alleged that while engaged in threshing for her the defendant in error and his employes carelessly and negligently dumped or deposited ashes, cinders, and live coals from the engine, a part of the thresher, on the ground, so that fire was communicated to the loose straw on the premises around the thresher and to the unthreshed wheat and stacks, and there was thereby destroyed wheat belonging to plaintiff in error, of the value of $182.60, all of which affirmative matter pleaded by plaintiff in error the defendant in error denied. When the case was called for trial it was agreed that, as the issues were joined, the plaintiff in error was charged with the burden and should first produce proof. At the close of the testimony introduced in her behalf the judge instructed the jury as follows: "Defendant admits the claim of plaintiff for $103 and interest from November 20, 1891, and seeks to avoid the same by a claim for damages for negligence on the part of plaintiff in the handling and care of plaintiff's traction engine, whereby defendant's wheat and straw is alleged to have been burned. In the view of the court the defendant has failed to produce any sufficient evidence to substantiate this claim. You will therefore find your verdict in this cause for plaintiff in the amount of his claim." The jury followed the directions contained in the instruction and returned a verdict in favor of defendant in error for $112, for which amount, after motion for new trial heard and overruled, judgment was rendered.

Prior to the trial, an application was made on behalf of the plaintiff in error for a continuance of the case. This was in the usual form of a motion supported by affidavit. The application was made on March 7, 1893, and it was stated in the affidavit accompanying the motion that one Frank Ribley was a material witness for the af-

fiant; that he was, in the fore part of February, 1893, at
Maryville, Kansas, where affiant wrote with reference to
his being present to testify in the cause on behalf of affi-
ant, and on or about February 13, 1893, received a letter
from Frank Ribley stating that he would be back to Oak,
Nuckolls county, Nebraska, about March, 1893, and not
later than March 5, 1893, and it was further stated that
the witness had not returned according to his promise
to the knowledge of affiant, nor had she heard anything
more from him; that, placing reliance in the promise of
the witness to be present and give testimony, affiant had
taken no steps to procure his deposition. The affidavit
filed in support of the motion for a continuance failed to
show that the evidence of the absent witness or his per-
sonal attendance would probably be obtained if a con-
tinuance was allowed, hence it was insufficient and the
judge did not err in overruling the motion. (*Polin v. State*,
14 Neb., 540; *Barton v. McKay*, 36 Neb., 632.)

The only further question is, did the trial court err in
directing a verdict in favor of defendant in error, or in
effect deciding and stating that the plaintiff in error had
not produced any sufficient testimony to show that de-
fendant in error or his employes had been guilty of any
negligence in operating the engine and thresher, which
had been the cause of the fire, or was there sufficient evi-
dence on this point to require its submission to the jury
as a question of fact for their determination? The evi-
dence disclosed that the threshing was commenced either
Wednesday or Thursday of the week, and that it was in
progress on Friday until about 5 o'clock P. M., and again
on Saturday. During all the time the work was done in
one stack-yard, in which there were, in all, eight stacks of
grain. The position of the engine was changed two or
three times, and at each place in the stack-yard or field
where it had stood there had been dumped or thrown out
ashes and cinders, and in at least two of them live coals.
On Saturday the wind was quite strong and carried with
it loose straw, which it strewed around and over the

stack-yard, and the prevalence of the high wind and the consequent inconvenience caused in the threshing with the engine and separator in the positions they occupied when work was begun in the morning, necessitated that they be changed during the day. Work was stopped on Saturday evening and the machine left in position for further operation. Between 10 and 11 o'clock on Saturday night the straw and some of the grain stacks were discovered to be burning. The steam-thresher is but one of the advanced types of implements used by man in his labors, and has been, with others of a similar kind, supplied by inventive genius and ingenuity as his wants have become apparent in the progress, development, and advancement of the people in the various pursuits of life, and its use is proper and necessary, and any new conditions or relations arising from the use of this or any of the new devices or implements are to be adjusted as they present themselves. In the use of the steam-thresher the agency of fire must be employed, and in the near presence of straw and other combustible material, but we have no doubt that the established rule that such care should be exercised in its use as a prudent and reasonable man would take under the existing circumstances should apply and govern. Where the known risks are enhanced, the degrees of care and diligence should increase correspondingly. (*City of Beatrice v. Reid*, 41 Neb., 214.) Viewed in the light of this rule, the evidence in the case at bar presented subject-matter for the examination and determination of the jury, and the judge should have submitted it to them, and it was therefore error to direct a verdict. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.