STATE OF NEBRASKA, EX REL. ALFRED W. SCOTT, v. JOHN W. BOWEN, CITY CLERK OF THE CITY OF LINCOLN.

FILED MARCH 17, 1898.   No. 9926.

1. **Statutes:** AMENDMENT: TITLE OF BILL. Where the title to a bill is to amend a designated section of a law, no amendment is permissible which is not germane to the subject-matter of the particular original section proposed to be changed.

2. ———: INVALID PORTIONS. When the invalid part of an act was the consideration or inducement for the passage of the residue, the valid and invalid portions will fall together.

3. ———: AMENDMENTS: FIRE AND POLICE COMMISSIONERS. Section 31, chapter 14, Laws 1897, purporting to amend section 91, article 1, chapter 13*a*, Compiled Statutes 1895, contravenes section 11, article 3, of the constitution, since said amended section contains new matter of legislation not germane to the original.

4. ———: INVALID PORTIONS: CONSTITUTIONAL LAW. Said section 31 of chapter 14 was the motive inducement to the passage of sections 6 and 7 of the same chapter purporting to amend sections 13 and 14, article 1, chapter 13*a*, Compiled Statutes 1895, and the unconstitutionality of said section 31 invalidates said sections 6 and 7, leaving the original sections in full force and effect.

ERROR from the district court of Lancaster county. Tried below before CORNISH, J. *Reversed.*

*G. M. Lambertson, Roscoe Pound,* and *J. R. Webster,* for plaintiff in error.

*N. C. Abbott, contra.*

NORVAL, J.

This was an application for mandamus to compel the respondent, as city clerk of the city of Lincoln, to receive and file in his office the certificate of nomination of relator as candidate by petition for the office of city attorney of said city, and to place relator's name upon the ballots to be used at the general election to be held in said city on April 5, 1898, as a candidate by petition for said office. A demurrer to the alternative writ was sustained upon the hearing in the court below, and the cause dismissed. The relator prosecutes error from that judgment.

This proceeding involves the validity of sections 6 and 7, chapter 14, Session Laws 1897, by which sections 13 and 14 of article 1, chapter 13a, of the Compiled Statutes of 1895 were attempted to be amended. If the amendatory sections are valid, the city attorney of the city of Lincoln is an appointive, and not an elective, officer, and the decision below was right; but if said amendatory sections are inoperative and void, a peremptory writ should issue. The provisions of said article 1, chapter 13a, of the Compiled Statutes of 1895, and the subsequent valid amendments thereof, constitute the charter of the city of Lincoln. The legislature of 1897 passed an act purporting to amend certain sections of said charter, among others sections 13, 14, 67, and 91 thereof. (Session Laws 1897, ch. 14, secs. 6, 7, 24, 31.) The original section 13 provided, *inter alia,* for the election biennially, by a plurality of votes, of a water commissioner, city attorney, and city engineer; that there should be in each city governed by the act an excise board, consisting of the mayor, who was constituted *ex officio* member and chair-

man thereof, and two members elected by the city at large for the term of two years; and also that there should be elected in each ward annually a councilman to serve for two years.  Section 6 of the act of 1897, among other changes of the original section 13, so amended it as to eliminate therefrom all provisions for the election of water commissioner, city attorney, city engineer, and excisemen, and reduced the number of councilmen from each ward one-half.  The original section 91 of said article 1, chapter 13a, related to the duties of the excise board, but the legislature, by section 31 of chapter 14, Session Laws 1897, sought to amend said section 91 by engrafting thereon a clause providing for the appointment by the governor of three fire and police commissioners for each city of the class to which the city of Lincoln belongs, and conferred upon them the power to license and regulate the liquor traffic within their respective cities, and to appoint a chief of the fire department.  This amendatory section 31 was assailed in *State v. Tibbets*, 52 Neb. 228, as being unconstitutional, on the ground that the amendment was not covered by the title of the act and was not germane to the subject-matter of the original section proposed to be changed. This contention was sustained by the court, and the amendatory section was declared to be inimical to the constitution and void.  In *State v. Stewart*, 52 Neb. 243, upon a review of the authorities bearing upon the question, it was ruled that the adoption by the legislature of the said amendment to section 91 was the consideration or inducement for the passage of said amended section 13, article 1, chapter 13a, and that the unconstitutionality of the former section vitiated the latter.  In the opinion in that case it is said: "It is very evident that the said amendatory sections 13 and 91 must fall together, since the latter was the consideration for the passage of the former, and hence the original sections have not been superseded, but remained in full force."  With this conclusion we are still content.  It follows that the

original section 13 was in no respect modified or changed by section 6 of the act of 1897, and that the water commissioner, city attorney, and city engineer are not appointive, but elective, officers, unless the provision in said section 13 relating to their election was repealed or superseded by section 7, chapter 14, Session Laws 1897, which purports to amend section 14, article 1, chapter 13a, Compiled Statutes 1895. This proposition will now receive attention.

Said section 14 authorizes the mayor, by and with the consent of the council, to appoint a chief of the fire department and certain other enumerated officers. and all other officers as were provided for in the act and not elective, except the marshal and police. The right to appoint and remove the latter two was devolved upon the excise board. This section was sought to be amended by section 7 of the said act of 1897, so as to read as follows:

"Sec. 14. The mayor, with the consent of the majority of the council, shall appoint a city attorney, a water commissioner, a street and sidewalk commissioner, a city engineer, who shall be superintendent of public works, and perform the duties of the board of public works, and such other officers, whose appointment or election are not provided for in this act, that are necessary for the good government and management of the city, who shall hold their office for the term of two years unless sooner removed," etc.

We are therefore confronted in this case with these conflicting statutory provisions. The original section 13, article 1, chapter 13a, provides for the election of a water commissioner, city attorney, and city engineer by the electors of the city at large, while the above quoted amendatory section 14 requires that all of said officers shall be appointed by the mayor, with the consent and approval of the council. It is manifest the legislature never contemplated that a city of the first class should be supplied with, and be put to the expense of maintain-

ing, two sets of said officers, one chosen by the electors, and the other bearing appointive commissions. That no such result was intended by the lawgivers is disclosed by the fact that at the same time the amendatory section 14 was adopted, which made provision for the appointment of said officers, it was sought by the same act to amend said original section 13 by dropping therefrom as elective officers the city engineer, city attorney, and water commissioner. It is, therefore, plain that the adoption of the amended section 13 was the incentive for the passage of the amendatory section 14, and vice versa. Both of said amendatory sections must stand or fall together. If one is unconstitutional, the other is likewise invalid; and said amendatory section 13 having been held unconstitutional in *State v. Stewart, supra,* the amendatory section 14 is therefore inoperative and void.

The same result is reached when the amendatory sections 14 and 91 are compared with the originals and the constitutional test is applied to them. The original section 91 related to the licensing and regulating of the sale of intoxicating liquors, while by the amendment of said section authority was attempted to be conferred upon the fire and police commission to appoint the chief of the fire department, although that officer was required to be appointed by the mayor under the original section 14, relating to the subject of appointive officers. The mayor, if the new legislation is upheld, has no authority to make the appointment of a chief of a fire department, as that power was taken from him and given to the board of fire and police commissioners by the amendatory sections 14 and 91. The amendatory clause to section 91 relating to the appointment of the chief of the fire department was not germane to the subject of the original section; hence said amendment was unauthorized. (*State v. Tibbets,* 52 Neb. 228; *State v. Cornell,* 54 Neb. 72.) And applying the reasoning in *State v. Stewart,* 52 Neb. 243, the amended section 14 is carried down by the unconstitutional amendment to section 91, since

the latter constituted the motive and inducement for the passage of the former. It is conceded by counsel for respondent that if the amendatory section 91 is valid it would have affected the appointment of the chief of the fire department, but it is insisted that with said amendatory section overthrown, the insertion or omission of the name of that officer in the amendment to section 14 could not affect the power of the city to have or appoint such officer, because authority therefor is to be found in subdivision 33 of section 67, article 1, chapter 13a, of the Compiled Statutes. Counsel evidently overlooked the fact that said subdivision, in its present form, was adopted at the same time the amendatory sections 13, 14, and 91 of said article and chapter were passed, and as a part of the same piece of legislation. The law-givers never supposed that power was being conferred by said subdivision upon the mayor or council, or both combined, to appoint a chief of the fire department, else it is not reasonable to suppose express authority to make such appointment would have been attempted to have been conferred upon the fire and police board by the amendatory section 91 already mentioned. Moreover, the authority to appoint such chief is not given by said subdivision. The amendatory section 14 only authorizes the mayor to appoint officers whose appointment or election were unprovided for in the act, and as the power to select a chief of the fire department was devolved upon the fire and police board by the amendatory section 91, it is obvious the mayor is powerless to appoint such officer under said amendatory section 14 or said subdivision 33. Had it not been for the provision in said amendatory section 91 for the appointment of a chief of the fire department by the board therein created, the amendatory section 14 would not have been adopted. These two amendatory sections must both fail, since one was the consideration for the adoption of the other. The original sections 13 and 14, article 1, chapter 13a, of the Compiled Statutes of 1895 are in full force. The conclu-

sion is irresistible that the city engineer, city attorney, and water commissioner are elective and not appointive offices, and that it is the duty of the respondent to file relator's certificate of nomination and place his name upon the ballots. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.