Note.—Reported in 201 N. W. 717. See, Headnote (1) and (2) American Key-Numbered Digest, Warehousemen, Key-No. 14, 40 Cyc. 413; (3) Warehousemen, Key-No. 13, 40 Cyc. 410; (4) Action, Key-No. 28, 1 C. J. Sec. 159; (5) Appeal and error, Key-No. 901, 4 C. J. Secs. 2662, 2722; (6) Warehousemen, Key-No. 34(2), 40 Cyc. 465; (7) Warehousemen, Key-No. 18, 40 Cyc. 407 (1926 Anno); (8) Evidence, Key-No. 20(1), 23 C. J. 1835; (9) Warehousemen, Key-No. 18, 40 Cyc. 407, (1926 Anno.)

For Uniform Warehouse Receipts Act, see 3 U. L. A. pg. 3.

---

## GROSZ, Respondent, v. BONE, et al, Appellants.

### (201 N. W. 871.)

(File No. 5471.   Opinion filed December 31, 1924.)

1. **Highways—Negligence—Damages—Motorist Knowing Highway Undergoing Repairs Must Exercise Unusual Care.**

   Driver of automobile, knowing that highway is being resurfaced, should have anticipated torn-up condition of road, and exercised greater care than usual, and should have had his car under such control that when glaring of lights of approaching car interrupted or confused his vision he could have stopped before striking obstruction.

2. **Highways—Negligence—Damages—Evidence of Speed Held to Show Contributory Negligence of Driver Striking Obstruction When Blinded by Lights of Approaching Car.**

   Evidence that plaintiff, knowing highway was being resurfaced, was driving in nightime at 15 to 20 miles per hour, and was injured by striking a gravel pile when, because of graring lights of approaching car, he could not see obstruction, held to show him guilty of contributory negligence as a matter of law.

3. **Highways — Negligence — Plaintiff's Negligence in Striking Unlighted Obstructions Held Proximate Cause of Injury.**

   Plaintiff's negligence in not having car under such control that he could stop when blinded by lights of approaching car, and not defendant contractor's failure to set warning lights at obstruction, held proximate cause of injury by striking it, where plaintiff should have anticipated obstructions from knowledge road was undergoing repairs.

   Polley, J., dissenting.

Appeal from Circuit Court, Brown County; Hon. R. D. Gardner, Judge.

Action by Otto Grosz against H. L. Bone and another, co-partners under the name of H. L. Bone & Son. From a judg-

ment for plaintiff, and an order denying a new trial, defendants appeal. Reversed and remanded.

*McFarland & Kremer,* of Watertown, for Appellants.

*Campbell & Fletcher,* of Aberdeen, for Respondent.

Appellants cited: Giles v. Ternes, 143 Pac. 491; Fisher v. O'Brien, 162 Pac. 317; Lauson v. Town of Fond du Lac, 141 Wis. 57, 123 N. W. 629, 25 L. R. A. (N. S.) 40, 135 Am. St. Rep. 30; Zerfas v. Lehigh & N. E. Ry. Co., 270 Penn. 306, 113 Atl. 370, 14 A. L. R. 791; Ott v. Wilson, 216 Mich. 499, 155 N. W. 563; Hannan v. Mpls. St. P. & S. S. M. Ry. Co., 191 N. W. 922; West Constr. Co. v. White, 130 Tenn. 520, 172 S. W. 301; Pietsch v. McCarthy, 141 Wis. 57, 150 N. W. 482; Knoxville Ry. & Light Co. v. Vangilder, 132 Tenn. 47, 167 S. W. 1117, 1916A L. R. A. 1111.

Respondent cited: Dement v. Paton, 8 L. R. A. (N. S.) 211; Walker v. St. Paul Ry. Co., (Minn.) 84 N. W. 222; 29 Cyc. 522; Whaley v. Vidal, 132 N. W. 242; Hnason v. City of Anamosa, 177 Iowa 101; Haynes v. Doxie, (Cal.) 198 Pac. 39; Marsh v. Burnham, (Mich.) 179 N. W. 200.

DILLON, J. Respondent complains of injuries received about three or four miles east of the city of Aberdeen, on September 18, 1922, while traveling on the Yellowstone Trail. The defendants, at the time of respondent's injuries, were graveling contractors engaged in the contract for resurfacing of the Yellowstone Trail. The respondent testifies that, when he was driving on this highway on the above date, he was met by a car with glaring lights, at about 6:30 a. m. (before daylight.) Although the respondent was blinded by this light, he continued to drive at about 15 miles per hour for about the distance of a city block, and then ran his car against the gravel pile, which threw him from his car and caused the injuries complained of.

Respondent further testifies that he observed no warning lights on his way out that morning. He testifies that he knew that the highway was being resurfaced. His contention is that he was not guilty of contributory negligence in his failure to look out for danger when there was no reason to apprehend any, and that he was warranted in the assumption that no dangerous obstruction existed for travelers. While appellants contend that

under the facts presented the respondent was guilty of contributory negligence.

The appellants on September 16, 1922, caused to be dumped on the south side of the traveled highway a load of gravel, and left the same in a piled-up condition at a place where the road was 24 feet wide. Near this place the respondent met the car with the dazzling light, which confused him, and immediately after passing this car he observed (from the lights cast from his own car) the gravel pile confronting him, but he was unable to divert his car from the collision with this obstruction, and his car was overturned, causing the injuries complained of.

[1-3] While respondent contends that the collision was caused by the negligence of appellants in obstructing the highway, appellants contend that respondent was guilty of contributory negligence in the operation of his car. We think that the respondent knew that the highway was being resurfaced, and should have anticipated a torn-up condition of the highway, and a greater degree of care in the operation of his car would be necessary to avoid accidents. It was clearly his duty to, not only slow down his speed, but stop his car, and in failure to do so he must be held guilty of contributory negligence, which invited the accident. The respondent failed to show any attempt to control his car by use of the brakes or swerving the car from the obstacle. It is true that no warning lights were placed on the gravel pile, yet the immediate and proximate cause of the accident was the respondent's failure to properly operate his car rather than appellant's failure to properly light the highway. The inference is clear that he was moving with considerable speed and in a blinded condition when his car overturned, and he became pinned down under the car. This is clearly shown from the evidence.

Respondent testified as follows:

"I saw another car coming which had on a headlight; I drove off to the side of the road and slowed down my car and figured I could pass and see ahead of me and continue on the trip.

"Q. It was a glaring light, then, was it? A. Enough so that I could not see ahead of my car.

"Q. You have no speedometer, and it was dark so you could not judge how fast you were going? A. Not over 20 miles at any time.

"Q. You throttled down a matter of 5 miles an hour as you approached the glaring light? A. Yes, sir.

"Q. Was the glare of this light very apparent a block away from it or more? A. Yes, sir.

"Q. It was quite glaring and confusing at that distance? A. Yes, sir.

"Q. So it was confusing to your sight at that time, and you throttled down to about 15 miles an hour then? A. Yes, sir.

"Q. It was after you passed that car, you saw the obstruction in the road? A. Yes, sir.

"Q. Had it not been for the glare in your eyes of this bright light of the car approaching, from the side, you would not have run into this gravel? A. I presume I would not. I would have probably seen it?

"Q. You knew that resurfacing and repairing of the road was taking place coming towards Aberdeen? A. Yes; but I could not tell how far it got this way.

"Q. You knew they were between here and the next town? A. Yes, sir.

"Q. And you knew that on that morning when you started out? A. Yes, sir.

"Q. You knew the character of the work; it was resurfacing and graveling of the road? A. Yes, sir."

In 28 A. L. R. 949 (Carruthers v. Campbell, 195 Iowa 390, 192 N. W. 138), is a valuable annotation reviewing the cases as to when a car may be said to be "under control." In Randolph v. Hunt, 41 Cal. App, 739, 183 P. 358, the court said:

"A car is under control when it may be stopped promptly."

In Gilbert v. Vanderwaal, 181 Iowa 685, 165 N. W. 165, it is said:

" 'Having the car under control' was to refer to the ability to stop the car within a reasonable distance in view of the circumstances."

In Priebe v. Crandall (Mo. App.), 187 S. W. 605, the court said:

"That the driver of the automobile was under a duty to have his machine so under control as to be able to stop quickly, and that in view of the evidence the defendant did not slacken his

speed, it could not be declared that the plaintiff failed to make out a case for the consideration of the jury."

In Lorah v. Rinehart, 243 Pa. 231, 89 A. 967, the court said:

"The test of control is the ability to stop the car quickly and easily. When this result is not accomplished, the inference is obvious that the car was running too fast, or that proper effort to control it was not made. The very purpose of running slowly is to enable the driver to bring the automobile quickly to a halt in case of emergency."

In Duffy v. Hickey, 151 La. 274, 91 So. 733, it is said:

"The test of a car 'under control' was said to be the ability to stop the car quickly in the event of an emergency."

In Core v. Wilhelm, 124 Va. 150, 98 S. E. 27, the court said:

"It was her duty to have had her car under such control that she could have stopped it if necessary in order to have avoided the accident."

In Roper v. Greenspon (Mo. App.), 192 S. W. 194, it is said:

"Having the car under control implied operating it at such speed as would enable the car of being stopped at such a distance at which the obstruction could be seen."

In Raymond v. Sauk County, 167 Wis. 125, 166 N. W. 29, it is said:

"A driver having an automobile under such control that he can bring it to a stop within the distance that he can plainly see the obstacles ahead of him, and that failure to so operate the automobile is want of ordinary care."

In Burnick v. Peterson, 215 Mich. 678, 184 N. W. 403, it is held that:

"It was the driver's duty to slacken his speed and have his car under such control that he might stop it immediately, if necessary. In this case the driver's view was obstructed by the blinding lights of an approaching car so that he did not see the approaching pedestrian on the side of the highway."

We hold that as a matter of law the respondent must be held guilty of contributory negligence in the use, operation, and management of his car on the highway in question, which will defeat his recovery.

The judgment and order denying new trial are reversed, and the cause is remanded, in accordance with the opinion herein expressed.

POLLEY, J., dissenting.

Note.—Reported in 201 N. W. 871. See, Headnote (1)', Highways, Key-No. 197(3), 29 C. J. Secs. 463, 466; (2) Highways, Key-No. 211, 29 C. J. Secs. 466, 486; (3) Highways, Key-No. 197(6), 29 C. J. Sec. 461.