PARK L. DAY, APPELLEE, v. METROPOLITAN UTILITIES DISTRICT, APPELLANT.

FILED JULY 1, 1927. No. 25232.

1. **Statutes:** CONSTITUTIONALITY: TITLE OF ACT. Where the title of a legislative act is to amend a particular section of an existing statute, the proposed amendment must be germane to the subject-matter of the act sought to be amended.

2. **Negligence:** COMPARATIVE NEGLIGENCE: QUESTION FOR JURY. In actions for personal injuries, where the issues tendered are negligence of the defendant and contributory negligence of the plaintiff, the duty to make the comparison provided by statute rests with the jury, unless the evidence as to negligence is legally insufficient or contributory negligence is so clearly shown that it would be the duty of the trial court to set aside a verdict in favor of the plaintiff.

3. **Evidence** examined, and *held* to be sufficient to require the submission of the issues of negligence and contributory negligence to the jury.

4. **Rulings** of the trial court in the exclusion of evidence examined, and *held* free from error.

5. **Appeal.** If a party to litigation requests the giving of an improper instruction, he will not be permitted to predicate error thereon. A party will not be heard to complain of an error which he himself invited.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

Day v. Metropolitan Utilities District.

*John L. Webster* and *R. B. Hasselquist*, for appellant.

*O'Brien & Powers* and *Richard S. Horton*, contra.

Heard before ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

This is an action to recover damages for personal injuries, alleged to have been caused in consequence of the negligence of defendant. In its answer defendant denied negligence and alleged contributory negligence on the part of plaintiff and his failure to file a claim with defendant and give notice of the time, place and cause of and circumstances attending his injury, as prescribed by section 3746, Comp. St. 1922. In his reply plaintiff denied contributory negligence. Plaintiff had the verdict and judgment thereon, and defendant appealed.

Defendant is a public corporation created by law for the purpose of taking charge of and operating public utilities owned by the metropolitan city of Omaha. It controls and operates the water and gas plants in said city. One of the instrumentalities used by defendant in carrying on its business is what is termed a "drag line." This machine is a caterpillar tractor on which is erected a revolving platform, and on this platform is a crane, with a boom 30 to 35 feet long. To this boom is attached a dipper or clam shell. The machine is used in digging ditches and making excavations. The entire drag line weighs something over 16 tons and is propelled from one place to another by its own power. The revolving platform is about 12 feet wide and 3 feet or more above the ground. At the time of the injury complained of, defendant's servants were moving the drag line along Thirtieth street in the city of Omaha at about the hour of 11:45 p. m., traveling in a northerly direction. In approaching Scott street, which intersects Thirtieth street, the ones operating this machine desired to turn eastward on Scott street. The drag line was traveling at the rate of about a mile or a mile and a half per hour, and had been on the east or right-hand side

of the street, but as he approached Scott street the operator veered the course of the drag line to northwest so as to have ample room in which to make the turn into Scott street.  On Thirtieth street there is a double-track street railway. At the time of the accident, plaintiff was a motorman operating a north-bound street car upon the east track on Thirtieth street.  While operating the street car, he ran into and against the drag line at the time it was veered to the northwest for the purpose of entering Scott street, and received the injuries complained of.  He avers that there were no lights upon the drag line; that one corner of the rear end of the revolving platform projected over the west rail of the east track of the street railway; that he did not see and, in the exercise of reasonable care, could not have seen the drag line until too late to avoid collision.

Many errors are assigned by defendant for reversal. They may be grouped under the following heads   (1) Plaintiff is not entitled to recover because of his failure to serve and file the written notice, stating the time, place and cause of the injury and other details, prescribed by section 3746, Comp. St. 1922;   (2) plaintiff was guilty of such contributory negligence that, as a matter of law, it deprives him of the right to recover;   (3) errors in the admission and exclusion of evidence;   (4) errors in giving and refusal of instructions.

Plaintiff concedes that no notice or claim was filed by him with defendant, as prescribed by section 3746, Comp. St. 1922, but contends that the statute is void because, in its enactment, the provisions of section 14, art. III of the Constitution, were contravened.  The constitutional provision referred to is as follows:   "No bill shall contain more than one subject, and the same shall be clearly expressed in the title.  And no law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed."

Section 3746, Comp. St. 1922, was originally enacted as chapter 90, Laws 1917, with the following title:   "An act to amend section 2 of chapter 143 of the Laws of 1913,

being section 4244 of the Revised Statutes of Nebraska for 1913, and to repeal said section as it now exists, and all acts and parts of acts in conflict with the provisions of this act." The first paragraph of said chapter 90 (now section 3746, Comp. St. 1922) is a repetition of the original section 4244, Rev. St. 1913. Said original section provides that metropolitan water districts should be bodies corporate and possess the powers of corporations for public purposes; that such districts might sue and be sued, purchase and sell personal and real property, and should have the sole management and control of the water plants, revenues and income, owned by the metropolitan city within the districts, and that they might exercise the powers granted to cities and villages by the general statutes of the state for the construction or extension of water plants. The new matter added to said section in the amendatory act is as follows:

"All claims against said metropolitan water district arising out of contracts, must be presented in writing with a full account of the items verified by the oath of claimant, his agent or attorney, that the same is correct, reasonable and just, and no such claim shall be audited or allowed, nor suit maintained on such claim unless it has been presented to the board of the metropolitan water district, to be audited as herein provided. All unliquidated claims, including actions for injuries or damages to the persons or property hereafter sustained, must be filed, duly verified by the party, his agent or attorney, within twenty days from the date of the injury or damage complained of. Such statement must contain the full name, the time, the place, the nature of the defect, the cause of the injury and the amount of damage claimed, and a failure to file shall bar any action against the metropolitan water district upon such claim: *Provided,* in all claims for injury to the person or persons claiming to have been injured, said person or persons shall at any time after giving notice of such injury, be subject to a personal examination by the city physician of the metropolitan city within said water dis-

trict, for the purpose of determining the character, cause and extent of the injury complained of; and a failure to submit to such examination shall prohibit the maintaining of any action against said metropolitan water district or recovery of any damage therefor. Said district may also produce and sell ice."

It is the contention of plaintiff that the new matter, particularly that part pertaining to the filing of claims for personal injuries and giving notice to the district within 20 days of the injury, was not germane to the original section amended, and that therefore the act was broader than its title and contravened the above quoted constitutional provision.

It may be here noted that, by subsequent legislation, the name of the Metropolitan Water District has been changed to Metropolitan Utilities District, and the powers have been enlarged so as to permit a district to operate public utilities other than water-works.

It is a rule, firmly established in this, and generally recognized in other, jurisdictions, that, when the title of a legislative act is to amend a particular section of an existing statute, the proposed amendment must be germane to the subject-matter of the section sought to be amended. *Miller v. Hurford*, 11 Neb. 377; *Trumble v. Trumble*, 37 Neb. 340; *State v. Tibbets*, 52 Neb. 228; *State v. Cornell*, 54 Neb. 72; *State v. Bowen*, 54 Neb. 211; *Armstrong v. Mayer*, 60 Neb. 423; *State v. Barton*, 91 Neb. 357; *State v. McShane*, 93 Neb. 46; 1 Lewis' Sutherland, Statutory Construction (2d ed.) sec. 137. The purpose of the constitutional provision was to prevent surreptitious legislation. The reason for the application of the rule is that the title expresses a purpose to deal only with the subject-matter contained in the section sought to be amended.

A careful examination of section 2, ch. 143, Laws 1913, being section 4244, Rev. St. 1913, discloses that the section deals only with the powers and duties of metropolitan water districts (now metropolitan public utilities districts). The matter sought to be incorporated by the amendatory

act of 1917, in so far as it deals with claims for injuries or damages to persons or property, and requiring that such claim be filed within 20 days from the date of injury or damage, deals with an entirely different subject. It relates to, and attempts to deal with, the duties of the person suffering an injury or damage for which the district may be liable. It is not germane to the original sub-. ject of the section sought to be amended and is, therefore, void because violating the constitutional provision above quoted. It follows that plaintiff was under no obligation to file claim and give the notice attempted to be prescribed by section 3746, Comp. St. 1922.

Defendant urges that it was the duty of the plaintiff, as motorman, to operate the street car at a rate of speed at which it could be stopped within the distance that an object could be seen upon the track by the aid of the headlight on the car, and that plaintiff evidently did not so operate his street car and was, therefore, guilty of such contributory negligence as would defeat his right of recovery. Many cases from other jurisdictions are cited which support, or tend to support, this proposition. However, we think they are not applicable to the situation existing in this case. There were, in fact, no objects upon the street railway track. The rays from the headlight on the street car no doubt were directed downward so as to show on the rails immediately in front of the car. The drag line, itself, was not upon the track, but only one corner of the platform projected out and over the track, some considerable distance above the rails, and it was only the edge of the platform that would be presented for view. It seems apparent that, until the street car was in close proximity to the drag line, the motorman, in the exercise of due care, might not have been able to see the obstruction or been aware of the danger of collision. The evidence on behalf of plaintiff tends to show that there was no light upon the rear end of the platform of the drag line, and that it was a rather dark night.

In an action for personal injuries, where the issues ten-

dered are negligence of the defendant and contributory negligence of the plaintiff, the duty to make the comparison provided by the statute rests with the jury, unless the evidence as to negligence is legally insufficient or contributory negligence is so clearly shown that it would be the duty of the trial court to set aside a verdict in favor of plaintiff. Ordinarily, where there is room for difference of opinion upon these questions, they must be submitted to the jury. *Disher v. Chicago, R. I. & P. R. Co.*, 93 Neb. 224. Applying this rule to the facts disclosed by the record in the instant case, it was for the jury to determine whether or not plaintiff could see, or should have seen, the obstruction in time to have prevented a collision The question of negligence and contributory negligence, under the circumstances, was properly submitted to the jury. Moreover, contributory negligence of the plaintiff does not necessarily defeat his right to recover. If the negligence of defendant was gross and that of plaintiff slight in comparison therewith, he may recover, but the amount of his recovery would be diminished in proportion to the amount of contributory negligence attributable to him. Comp. St. 1922, sec. 8834.

We have carefully examined the entire evidence and are convinced that the questions of negligence and contributory negligence were questions for the consideration of the jury, and the jury's finding is conclusive upon such questions, provided the case was properly submitted for their consideration.

During the trial defendant offered in evidence a certified copy of findings and order made by the state compensation commissioner in a proceeding wherein the Omaha & Council Bluffs Street Railway Company was plaintiff and the plaintiff in this action was defendant, and this evidence was by the court, on objection of plaintiff, excluded. This is assigned as error. We are unable to perceive wherein this evidence was competent for any purpose. It was not an adjudication between the parties to this action, and what the compensation commissioner might

have found. and determined upon the evidence then before him would certainly not be a guide for the determination of the jury in this action upon totally different evidence. We think the proffered exhibit was properly excluded.

It is asserted that the court erred in failing to give certain instructions requested by defendant. The first of the requested instructions which were refused, ,of which complaint is made, amounted to a direction of a verdict for defendant. It would have been error to have given the instruction. Complaint is made of other instructions, requested and refused, but an examination indicates that the principles of law involved were incorporated in  the instructions which were given. Defendant complains of the fifth instruction, given by the court to the jury. That part of the instruction of which complaint is made is an exact copy of another instruction which was requested by defendant. If there was any error in the instruction, which we do not decide, it was invited by the defendant. A party will not be heard to complain of an error which he has invited.

No error prejudicial to the defendant has been pointed out or discovered. It follows that the judgment of the district court should be, and is,

AFFIRMED.

The following opinion on application to file amended and supplemental petition for rehearing was filed November 28, 1927. *Application denied.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

PER CURIAM.

This case was determined and opinion filed July 1, 1927. It is reported, *ante,* p. 711. A motion for rehearing, after due consideration, has been denied. It now comes again before this court upon application of appellant for leave to file amended and supplemental petition for rehearing.

Day v. Metropolitan Utilities District.

It appears that this case, upon consideration of this application in connection with the facts and record of this appeal, was argued in open court, and was heard by the judges of this court then present and "sitting without division;" that it was determined by the concurrence of five of the judges thereof as provided by section 2, art. V of the Constitution of Nebraska; that, during the pendency of this case in this court, rule 22 (now 6b) of the rules of this court, then in force and effect, provided: "Counsel desiring oral argument to the full bench on constitutional questions or in homicide cases must file written request for same at the time of filing his brief, or the privilege of argument to the full bench will be considered waived, and the matter will be heard by the division of the court sitting when the case comes up for argument. All judges of the court, however, shall participate in all decisions of such questions, as if the case had been argued to the full bench, whether having heard oral argument or not."

The court finds as a fact that appellant wholly failed to file a written request for a hearing to the full bench, as required by the terms of said rule, and wholly failed to make any request whatever on said subject at or prior to the final submission of said cause to this court; that said cause, after submission, was considered and determined by this court strictly pursuant to, and in accordance with, the provisions of rule 22 (now 6b) and of section 2, art. V of the Constitution of Nebraska.

The application for permission to file an amended and supplemental petition for rehearing is therefore denied and mandate directed to issue forthwith.

APPLICATION DENIED.