Dean SANDBERG, Appellant,

v.

PETER KIEWIT SONS COMPANY, a Corporation, and Revlon, Incorporated, Appellees.

No. 18300.

United States Court of Appeals
Eighth Circuit.

Aug. 2, 1966.

———◆———

Warren C. Schrempp, of Schrempp, Lathrop, Rosenthal & Bruckner, Omaha, Neb., for appellant. Henry C. Rosenthal, Jr., Omaha, Neb., was with him on the brief.

John A. Rickerson, of Rickerson & Homan, Omaha, Neb., for appellee, and was on the brief.

Before VOGEL, Chief Judge, MEHAFFY, Circuit Judge, and McMANUS, District Judge.

VOGEL, Chief Judge.

Dean Sandberg, plaintiff-appellant, brought this action against Peter Kiewit Sons Company for money damages based on personal injuries suffered by him as the result of an automobile accident. Revlon, Incorporated, the employer of Dean Sandberg, who was within the scope of his employment at the time of the accident, was joined for the sole purpose of determining its subrogation rights, it having paid to Sandberg certain sums of money under the Workmen's Compensation Laws of the State of Nebraska. Peter Kiewit Sons Company will be the only defendant hereinafter referred to. The case was tried to a jury and resulted in a verdict in favor of plaintiff. Subsequent thereto defendant filed a motion to set aside the judgment entered on the verdict and to dismiss the plaintiff's complaint for the reasons that plaintiff failed to prove negligence on the part of the defendant and that plaintiff was guilty of contributory negligence sufficient to bar his recovery as a matter of law. The trial court granted the motion and dismissed the complaint on the ground that, as a matter of law, the plaintiff was guilty of contributory negligence which was more than slight.

This accident occurred on July 12, 1961, about ten o'clock a.m. at a point on Interstate Highway No. 80 in Douglas County, Nebraska, near the outskirts of Omaha. Interstate Highway No. 80 is the interstate highway connecting Omaha and Lincoln. In the area where the accident occurred it runs generally in an easterly and westerly direction.

The defendant-appellee, Peter Kiewit Sons Company, is engaged in general contracting and construction business. When this accident occurred, defendant was in charge of and completing construction of Interstate Highway No. 80 at and near the place of accident. Plaintiff, a 36-year-old employee of Revlon, Incorporated, was on the day of the accident taking his supervisor from Omaha to Lincoln. He had driven his car south on 72nd Street, which is a north-south thoroughfare, intending to get onto the Interstate Highway and then proceed to Lincoln. In order to get onto the Interstate Highway it was necessary for him to use a ramp that leads generally southwesterly off 72nd Street and up onto the Interstate Highway. When plaintiff, driving his car on 72nd Street, arrived at the point of junction with the Interstate Highway he drove up on the ramp and onto the Interstate Highway. The ramp appeared to him to be open to traffic. There were no signs indicating that it was not. Workmen, apparently defendant's, had thrown the barricades into an adjoining ditch. Plaintiff drove in a westerly direction on the Interstate Highway for a distance of a mile to a mile and a half, when he saw a construction crew working on the highway. He testified:

"Q. Did you at that time conclude the road was closed?

"A. Well, yes, because of the workmen there we figured we should get back to 72nd and take another road out because we figured that this was not through."

Plaintiff then made a U-turn and started driving back in an easterly direction. He did not make any attempt to drive across the median strip to the lanes which should be used for eastbound traffic. He testified:

"Q. You also realized that you were in what would be the westbound lane of lanes of travel as you were going east?

"A. That is very true. There was nothing we could do about this because we couldn't cross the medium. (Sic)

"Q. Why?

"A. There was mud and there is some distance there. I don't think we could have gotten through the mud."

Plaintiff, while traveling back in an easterly direction in a lane of traffic which was supposed to carry westbound traffic, looking for an exit which would then take them off the Interstate Highway and to another road to Lincoln, was by his own admission, traveling between 55 and 65 miles per hour. By the testimony of his passenger, plaintiff was traveling 60 to 65 miles per hour. While so traveling they approached a hilltop or crest. As the crest began to level off, the concrete ended and they slammed into a muddy drop-off which caused them to be projected across a 10-yard mud area and into an 18-inch abutment on the opposite side. There were no signs or barricades indicating the presence of the gap in the concrete highway. Defendant contended in the court below that it was not negligent in any way, although, as indicated, the record justifies the conclusion that some of defendant's workmen had thrown the barricades, which should have prevented entry onto the uncompleted Interstate Highway, into an adjoining ditch. The District Court (Robinson, Chief Judge) found that the defendant was negligent but also concluded that the plaintiff was guilty of contributory negligence as a matter of law and that such contributory negligence was more than slight in comparison with the negligence of the defendant.

We are, of course, bound by the law of the State of Nebraska and the interpretative opinions of its Supreme Court. Nebraska gives statutory recognition to the comparative negligence doctrine. R.S.Neb. § 25–1151 provides:

"*Actions for injuries to person or property; contributory negligence; comparative negligence.* In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury."

The Nebraska Supreme Court has said in Day v. Metropolitan Utilities Dist., 1927, 115 Neb. 711, 214 N.W. 647, at 650:

"In an action for personal injuries, where the issues tendered are negligence of the defendant and contributory negligence of the plaintiff, the duty to make the comparison provided by the statute rests with the jury, *unless the evidence as to negligence is legally insufficient or contributory negligence is so clearly shown that it would be the duty of the trial court to set aside a verdict in favor of plaintiff. Ordinarily, where there is room for difference of opinion upon these questions, they must be submitted to the jury.* Disher v. Chicago, R. I. & P. R. Co., 93 Neb. 224, 140 N.W. 135." (Emphasis supplied.)

The rule of Day v. Metropolitan Utilities Dist., supra, has been followed and it continues to be the law of the State of Nebraska. In Buick v. Stoehr, 1961, 172 Neb. 629, 111 N.W.2d 391, the Nebraska court dealt at length with the comparative negligence rule in an auto-

mobile accident case. It reviewed the rules of law applicable, carefully summarizing them, inter alia, as follows, at page 398 of 111 N.W.2d:

" 'In every case, before the evidence is submitted to the jury, there is a preliminary question for the court to decide, when properly raised, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed.' Palmer v. McDonald, 171 Neb. 727, 107 N.W.2d 655, 656. See, also, Jarosh v. Van Meter, 171 Neb. 61, 105 N.W.2d 531 [82 A.L.R.2d 714].

" '*Where the facts adduced to sustain an issue are such that reasonable minds can draw but one conclusion therefrom, it is the duty of the court to decide the question, as a matter of law, rather than submit it to a jury for determination.*' Thomas v. Owens, 169 Neb. 369, 99 N.W.2d 605. See, also, Corbitt v. Omaha Transit Co., 162 Neb. 598, 77 N.W.2d 144.

\* \* \* \* \* \*

"*In an action based on negligence to which the comparative negligence rule has application wherein the evidence shows beyond reasonable dispute that the plaintiff's negligence was more than slight in comparison with that of the defendant the action should be dismissed or a verdict directed.* Hickman v. Parks Construction Co., 162 Neb. 461, 76 N.W.2d 403, 62 A.L.R.2d 1040; Dodds v. Omaha & C. B. St. Ry. Co., 104 Neb. 692, 178 N.W. 258.

" 'In a case where a motion was made at the close of all of the evidence for a directed verdict, which motion should have been sustained but was overruled and the case submitted to a jury which returned a verdict contrary to the motion, and thereafter a motion for judgment notwithstanding the verdict is duly filed, it is the duty of the court to sustain the motion and render judgment in accordance with the motion for a directed verdict.' Jarosh v. Van Meter, supra

[171 Neb. 61, 105 N.W.2d [531] 533]. See, also, Corbitt v. Omaha Transit Co., supra." (Emphasis supplied.)

Chief Judge Robinson, being thoroughly familiar with the law of the State of Nebraska, applied the foregoing rules and, quoting from Day v. Metropolitan Utilities Dist., supra, stated:

"In the instant case, we are satisfied that the contributory negligence has been clearly shown and we consider it our duty to set aside the verdict which was here returned in favor of the plaintiff.

\* \* \* \* \* \*

"Thus, it is our decision that the contributory negligence of the plaintiff was more than slight as a matter of law in comparison with the negligence of the defendant and that we must, therefore, set aside the verdict returned by the jury in favor of the plaintiff and dismiss the complaint."

We think the trial judge was eminently correct in so doing. Plaintiff, having driven onto the Interstate Highway that was not barricaded because of the defendant's negligence, proceeded in a westerly direction for a distance of a mile or mile and a half. Upon discovery that the highway was still under construction, yet being unable to cross the median into the lanes of travel for eastbound traffic, he made a U-turn and, in search of an exit, probably at 72nd Street where he had entered, drove in an easterly direction on highway lanes that he well knew were for westbound traffic. Although driving over the crest of a hill where he could not see what was beyond, he maintained speeds of up to 65 m. p. h. and so was unable to stop within his range of vision on the road ahead. Plaintiff here argues that the trial court's analysis of the facts indicates error inasmuch as it held that the fact that traffic on the Interstate Highway was closed to westbound traffic at a point a mile to a mile and a half *west* of the scene of the accident was notice to the plaintiff that portions of the Interstate Highway *east* of that point were also under construction. The argument

is unpersuasive, for if plaintiff casts himself on that horn of his dilemma, he is then found to be driving at a rate of speed up to 65 m. p. h. in the wrong lane of a highway he believes to be open where at any moment over the crest of a hill may appear traffic coming directly toward him with it undisputedly having the right-of-way. We believe, however, that the record sufficiently establishes that plaintiff knew or in the exercise of reasonable care should have known that the highway was still under construction, that he was traveling in an easterly direction in lanes maintained for west-bound traffic, and that he did not drive so as to be able to control his car within the distance on the highway he could see ahead. The trial court felt that this indicated contributory negligence which was more than slight and that as a matter of law plaintiff should not be allowed to recover. We fully agree. If the actions of the plaintiff could be classified as only slight contributory negligence, we are somewhat at a loss to imagine what should be designated as contributory negligence that was more than slight. Reasonable minds could draw but one conclusion—that here there was an abandonment of any caution whatsoever. We believe it has been fully demonstrated that plaintiff was well aware of the fact that the highway upon which he was traveling was undergoing contruction, but that whether or not he did is immaterial because in either situation he was guilty of contributory negligence which was more than slight in comparison to that of the defendant.

The statement of the Supreme Court in Nebraska in Miller v. Abel Const. Co., 1941, 140 Neb. 482, 300 N.W. 405, at 408, is applicable:

"While it has been said that the law requires only one degree of care, and that is ordinary care under the circumstances, yet *unusual and peculiar circumstances, creating a greater risk, require a greater degree of care for one's safety.* This distinction is recognized in the case of Hall v. Incorporated Town of Manson, 90 Iowa 585, 58 N.W. 881, 882, * * *.

\* \* \* \* \* \*

"The rule is stated in McClelland v. Scroggin, 48 Neb. 141, 66 N.W. 1123, as follows:

" 'The care which may be termed ordinary is such a degree of care as a prudent and reasonable man would exercise under the existing circumstances and conditions. Where the known risks are enhanced, the degree of care should correspondingly increase.'

"In the case of Grosz v. Bone, 48 S.D. 65, 201 N.W. 871, the court held that the driver of an automobile, knowing that the highway was being resurfaced, should have anticipated the torn-up condition of the road, and that a greater degree of care in the operation of his car would be necessary to avoid accident." (Emphasis supplied.)

No matter which way plaintiff would have it, that is, that he knew he was on a road that was under construction or that he was unaware of that fact, he is nevertheless guilty of a high degree of contributory negligence which in the eyes of the law was more than slight.

Affirmed.